IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RUDOLPH ROLISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 06-0177-WS-B |
| | ) |
| ST. PAUL FIRE & MARINE INSURANCE | ) |
| COMPANY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on plaintiff's Motion to Remand (doc. 14). The Motion has been briefed and is ripe for disposition at this time.

**I.    Background.**

On February 7, 2002, a tragic automobile accident at the junction of Interstate Highway 65 and Alabama State Highway 225 claimed the life of Melissa Allison Sproles. Her mother, Laura Miller, filed suit in Mobile County Circuit Court against Rudolph Rolison and Addiction and Mental Health Services, Inc., d/b/a Bradford Health Services, Inc. ("Bradford") based on Rolison's alleged role in the collision (the "*Miller* Litigation"). In January 2005, a Mobile County jury returned a $3 million verdict in Miller's favor against both Bradford and Rolison. This case is one of three interrelated, overlapping lawsuits arising from the *Miller* Litigation, as Bradford, Rolison, and Bradford's insurers (St. Paul Fire & Marine Insurance Company, Lexington Insurance Company, and Royal Insurance Company of America) all seek to parcel out financial responsibility for the judgment and to assign blame (if any) for the lack of an early settlement in the *Miller* Litigation.[1]

---

[1]    On May 4, 2006, St. Paul filed a Notice (doc. 21) advising the Court of a "full and final resolution" of all claims in the *Miller* Litigation against both Bradford and Rolison, and further stating "that the judgment entered against both Bradford and Rolison in the underlying litigation has been fully satisfied." On May 11, 2006, Rolison and St. Paul filed a Joint Motion for Dismissal with Prejudice (doc. 23) reflecting that all controversies and disputes between those two parties had been resolved, but that Rolison's claims remain active and pending against all other named defendants. As such, even though the party that removed this action to federal

On February 15, 2006, Rolison initiated this action by filing a Complaint in the Circuit Court of Choctaw County, Alabama, against named defendants St. Paul, Lexington, Royal, Bradford, and two Bradford employees, Bob Coleman and Shelly Clark. The Complaint included three causes of action, including the following: (a) a claim against St. Paul, Lexington and Royal for breach of contract, seeking recovery for mental anguish and other damages, based on their failure to settle the *Miller* Litigation within policy limits and their failure to defend and indemnify Rolison during the *Miller* Litigation and after the *Miller* judgment was entered against him; (b) a bad-faith failure to settle claim against St. Paul, Lexington and Royal; (c) a claim against Coleman, Clark and Bradford for fraud, based on their alleged misrepresentations to him that he would be fully covered by Bradford's insurance policies while acting as Bradford's employee, agent, representative or volunteer.

It is undisputed that defendant St. Paul was served with process on February 21, 2006; indeed, a U.S. Postal Service "Track & Confirm" form in the state court file reflects that St. Paul was served via certified mail at 8:52 a.m. on that date.[2] There was minimal motion practice in Choctaw County court in the next several weeks, although defendant Clark's bid to dismiss the Complaint as to her for failure to state a claim was rejected on March 23, 2006. What happened next can only be termed highly unusual. At 4:39 p.m. on March 23, 2006 (30 days after St. Paul was served), St. Paul's attorneys filed a Civil Cover Sheet for this action in this District Court, reflecting that it was being removed from state court on the basis of diversity of citizenship, and paid the requisite $250 filing fee. However, St. Paul did not file its Notice of Removal or any

---

court and that vigorously fought remand is no longer the subject of a live controversy with Rolison, the Motion to Remand must still be resolved because there remain active causes of action between Rolison and five other defendants in this forum. It is unclear, however, whether any of those other defendants object to remand, given that none of them filed any legal memoranda concerning the remand issue or otherwise engaged in visible attempts to keep this action pending in federal court after Rolison filed his Motion to Remand.

[2]   Similar documents in the state court file reflect that defendants Coleman, Bradford, and Royal were served on February 21, 2006, and that defendant Lexington was served on February 23, 2006. The file is silent as to when defendant Clark was served; however, she evidently was served, given that she filed a Motion to Dismiss on March 3, 2006, and an Amended Motion to Dismiss on March 20, 2006 for failure to state a claim on which relief can be granted. That motion was summarily denied by the state court three days later.

other pleading or document on that date; rather, the Notice of Removal (doc. 1) was submitted for filing at 12:21 p.m. on March 24, 2006 (31 days after St. Paul was served).  Also on March 24, 2006, the other defendants filed Notices of Joinder in Removal (docs. 2, 3, 4).

On April 6, 2006, some 13 days after removal, plaintiff filed his Motion to Remand (doc. 14) alleging two procedural defects in removal, to-wit: timeliness, and failure of defendant Clark properly to join in or consent to removal.  In addition to these alleged procedural shortcomings, the Motion to Remand asserted that diversity jurisdiction is lacking because three defendants are non-diverse, and that St. Paul's efforts to overcome this failing via requests for realignment of parties and allegations of fraudulent joinder must fail.  Prior to settling its dispute with Robison, St. Paul availed itself of an opportunity to be heard in opposition to the Motion to Remand.  Every other defendant has been silent on remand issues.

**II.    Governing Legal Standard.**

A removing defendant must establish the propriety of removal under 28 U.S.C. § 1441 and, therefore, must establish the existence of federal jurisdiction.  *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) ("A removing defendant bears the burden of proving proper federal jurisdiction."); *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).  Because removal infringes upon state sovereignty and implicates central concepts of federalism, removal statutes must be construed narrowly, with all doubts resolved in favor of remand.  *See University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (explaining that strict construction of removal statutes derives from "significant federalism concerns" raised by removal jurisdiction); *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1333 (11th Cir. 1998) (expressing preference for remand where removal jurisdiction is not absolutely clear); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (uncertainties regarding removal are resolved in favor of remand); *Newman v. Spectrum Stores, Inc.*, 109 F. Supp.2d 1342, 1345  (M.D. Ala. 2000) ("Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear.").

**III.   Analysis.**

One of several grounds for Rolison's Motion to Remand is his contention that removal

was untimely.  (Motion, ¶ 1.)  The process for removing a civil case is delineated by 28 U.S.C. § 1446(b), which provides that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading."  *Id.*; *see also Velchez v. Carnival Corp.*, 331 F.3d 1207, 1209 n.2 (11th Cir. 2003) ("Section 1446(b) requires a notice of removal to be filed within thirty days after the defendant receives the pleading"); *Allen v. Christenberry*, 327 F.3d 1290, 1296 n.3 (11th Cir. 2003) ("Generally, a defendant can only remove a case to federal court within 30 days after receiving the pleading.").  "Given that removal statutes must be construed narrowly, § 1446's time requirement is mandatory and must be strictly applied; timely objection to a late petition for removal will therefore result in remand."  *Crews v. National Boat Owners Ass'n Marine Ins. Agency, Inc.*, 2006 WL 902269, *2 (M.D. Ala. Apr. 6, 2006) (citation omitted); *see also Somlyo v. J. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043, 1046 (2nd Cir. 1991) ("federal courts rigorously enforce the statute's thirty-day filing requirement" where a party timely objects to removal on that basis).[3]  Indeed, it is well established that the 30-day limit "is an express statutory requirement for removal," such that failure to comply will "render the removal 'defective' and justify a remand pursuant to § 1447(c)."  *Ware v. FleetBoston Financial Corp.*, 2006 WL 1168793, *2 (11th Cir. May 2, 2006); *see generally Jerrell v. Kardoes Rubber Co.*, 348 F. Supp.2d 1278, 1283 (M.D. Ala 2004) ("Removal is a statutory privilege, rather than a right, and the removing party must comply with the procedural requirements mandated in the statute when desirous of availing the privilege.").

St. Paul concedes that it was served with process on February 21, 2006.  (Notice of Removal, § I; Response (doc. 22), at 11.)  St. Paul further acknowledges that "the deadline for removal of this case was March 23, 2006."  (Response, at 11.)[4]  Court records reflect, and St.

---

[3] By statute, a motion to remand based on any defect other than lack of subject matter jurisdiction must be filed within 30 days after the filing of the notice of removal.  *See* 28 U.S.C. § 1447(c).  In this case, the Notice of Removal was filed on March 24, 2006, and the Motion to Remand followed on April 6, 2006, just 13 days later.  As such, it is indisputable that Rolison's petition for remand was timely.

[4] In light of these concessions, it is unnecessary to delve into an analysis, pursuant to *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d

Paul does not contest, that the Notice of Removal was filed just after noon on March 24, 2006, the 31st day after service of process.  Nonetheless, St. Paul insists that removal was timely because "it delivered the administrative filing fee and Civil Cover Sheet to the Clerk of the United States District Court for the Southern District of Alabama" on the 23rd, the deadline date.  (*Id.*)[5]  No authority is cited for this novel proposition.

St. Paul's contention that removal is timely if a filing fee and cover sheet are filed on the thirtieth day, even if the Notice of Removal is not filed until the thirty-first day, is contrary to law.[6]  By statute, a defendant seeking to remove a civil action from a state court "shall file ... a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal."  28 U.S.C. § 1446(a).  Moreover, Congress stated in exceedingly clear terms that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days."  § 1446(b).  A straightforward reading of these provisions confirms that the thirty-day deadline for removal can be satisfied only by filing a notice of removal within that time frame.  *See generally Velchez*, 331 F.3d at 1209 n.2; *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*, 399 F. Supp.2d 356, 364 (S.D.N.Y. 2005) ("section 1446(b) requires a defendant to file a notice of removal thirty days after receiving the initial pleading").  Under any reasonable construction of § 1446, mere payment of a filing fee and submission of a cover sheet without the requisite notice of removal is inadequate to perfect removal or satisfy the thirty-day time limit.

---

448 (1999), of the factual particulars of service of process to determine when defendant's removal clock was triggered.

     [5]    St. Paul also states that "[t]he date of filing of the removal is also indicated on this Court's online docketing system as March 23, 2006."  (*Id.*)  That statement is incorrect.  The docket sheet for this case reflects a filing date for the Notice of Removal of March 24, 2006, which is in fact the date on which the Notice was filed and this federal action was formally commenced.

     [6]    This fact pattern is so unusual that the Court's research has disclosed no cases in which a defendant attempted to remove a state-court action through such a two-step procedure on the thirtieth and thirty-first days.  Despite the paucity of case law on the subject, the relevant statutory language and the published procedures of this District Court furnish ample authority to inform the Court's ruling.

This District Court's Administrative Procedure for Filing, Signing and Verifying Documents by Electronic Means (the "Administrative Procedures") provides corroboration and reinforcement for this conclusion. Indeed, those directives specify that initial pleadings must be filed on the same date as the civil cover sheet and filing fee. (Admin. Procedures, § II.A.3.)[7] The Administrative Procedures continue by cautioning counsel, in bold text, that "[n]ew cases are deemed 'filed' the day the clerk's office receives the e-filed complaint and any required filing fee." (*Id.*, § II.A.3.a.7.) Submission of a cover sheet as a "placeholder" for a later-filed initial pleading cannot and does not suffice to effectuate the filing of the action. As such, under the definition of "filed" promulgated by the published Administrative Procedures governing St. Paul's submission, this removal action was not filed until 12:21 p.m. on March 24, 2006, when St. Paul finally proffered its Notice of Removal. The Notice came one day too late.

In light of the foregoing, the Court finds as follows: (1) St. Paul failed to remove this action to federal court within 30 days after service of process, (2) Rolison timely objected to this procedural defect in removal, and (3) remand is required pursuant to 28 U.S.C. § 1447(c).[8] This finding obviates the need for further inquiry into the jurisdictional objections raised by Rolison in support of his Motion to Remand; therefore, the Court will not address the question of whether diversity jurisdiction could have been invoked had this case been properly removed to federal court in the first place.

---

[7] Thus, St. Paul's failure to submit its initial pleading (in this case, the notice of removal) on the same date as the civil cover sheet and filing fee is in contravention of the Administrative Procedures. St. Paul has offered no explanation for why it proceeded in derogation of the published procedures for opening new civil actions in this District Court.

[8] Because of this determination, the undersigned need not address Rolison's other procedural defect argument, to-wit: whether removal failed the unanimity requirement because defendant Clark, having voluntarily filed and litigated a motion to dismiss in state court pre-removal, waived her right to remove the action to federal court and lost the ability to consent to such removal by St. Paul. *See generally Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1246 (11th Cir. 2004) (filing of motion to dismiss in state court may constitute waiver of defendant's right to remove, but does not necessarily do so, depending on substantiality of defendant's participation in state action and whether such participation was dictated by rules of state court); *Frankston v. Denniston*, 376 F. Supp.2d 35, 38 (D. Mass. 2005) ("As a general matter, in cases involving multiple defendants, all defendants who have been served must join or assent in the removal petition.").

**IV.      Conclusion.**

The Court having found that this action was untimely removed to federal court, in violation of 28 U.S.C. § 1446(b), and that plaintiff timely objected to this procedural defect, plaintiff's Motion to Remand (doc. 14) is **granted** and this action is **remanded** to the Circuit Court of Choctaw County, Alabama pursuant to 28 U.S.C. § 1447(c), for further proceedings.[9]

DONE and ORDERED this 15th day of May, 2006.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE

---

[9] In his Motion, Rolison requested an award of costs pursuant to 28 U.S.C. § 1447(c). The Court understands that, as part of Rolison's settlement with St. Paul, he has withdrawn this request; therefore, Rolison's request for an award of costs is **moot**. Additionally, the Court notes that there are several other pending motions in this action, including Lexington Insurance Company's Motion to Dismiss (doc. 5), St. Paul's Motion to Realign the Parties for Purposes of Jurisdiction (doc. 12), and the Joint Motion for Dismissal with Prejudice (doc. 23) filed by St. Paul and Rolison. Because removal was procedurally defective, requiring remand, the undersigned will not rule on these motions, all of which can be readily addressed by the Choctaw County court to the extent that they are not moot.